WILSON, Circuit Judge,
dissenting:
I find no abuse of discretion on the part of the district judge in awarding attorney’s fees to Laquarius Gray, the prevailing party in this litigation.
The majority correctly notes that the Supreme Court’s opinion in Farrar announced a three-factor calculus for determining attorney’s fees awardable to a party who prevails under 42 U.S.C. § 1988 despite receiving nominal damages. See Majority Op. at 893-94. As far as the first factor is concerned — the degree of success obtained by Gray — I agree with the majority that it weighs in Bostic’s favor. Gray sought somewhere between $25,000 and $40,000 in damages against Bostic, and she wound up with $1. Yet while I concede that the first Farrar factor favors Bostic, an unsuccessful claim for $25,000 cannot possibly sink the scales as much as an unsuccessful claim for $17 million, the amount sought by the plaintiff in Farrar. See Farrar v. Hobby, 506 U.S. 103, 106, 113 S.Ct. 566, 570, 121 L.Ed.2d 494 (1992). A $24,999 failure is materially different from a $16,999,999 failure, and not all successes (or failures) are created equal — we should evaluate the degree of success. So while I agree with the majority that the first Farrar factor favors Bostic, I cannot say that it “weighs heavily.” Majority Op. at 895.
The second Farrar factor — the significance of the legal issue — weighs in favor of Gray in my view. The majority opinion emphasizes that Bostic’s handcuffing of Gray was an “obvious violation of Gray’s Fourth Amendment rights.” Id. at 896 (emphasis in original) (internal quotation marks omitted). Because it was an “obvious violation,” says the majority opinion, Gray’s litigation could not possibly be significant, because she did not “change the law.” Id. at 896. By this logic, any future decision by this court that denies qualified immunity to a government actor will be deemed insignificant, because every denial of qualified immunity stems from “obvious” constitutional violations. See Gray ex rel. Alexander v. Bostic (Gray II), 458 F.3d 1295, 1307 (11th Cir.2006). In my view, Gray’s achievement in defeating Bostic’s qualified immunity in the district court was quite significant: in November 2003, Bostic successfully moved the district court to dismiss Gray’s complaint on qualified immunity grounds; Gray appealed that decision, won, and on remand defeated Bostic’s motion for summary judgment on qualified immunity grounds; again Bostic appealed, and again Gray successfully persuaded this court that Bostic should not receive qualified immunity. See Majority Op. at 890-91. Yet despite all of this, and even though a federal judge originally granted Bostic qualified immunity, the majority concludes that Gray’s victory was a foregone, “obvious” conclusion. Again, I cannot agree. Gray’s victory was protracted, hard fought, and hardly “obvious.” I would hold that the second factor weighs in her favor.
Finally, I turn to the third Farrar factor, whether Gray’s litigation “accomplished some public goal other than occupying the time and energy of counsel, court, and client.” Farrar, 506 U.S. at 121-22, 113 S.Ct. at 578 (O’Connor, J„ concurring). I disagree with the majority’s conclusion that incentivizing the vindication of civil rights through attorney’s fees should not bear on this final factor. If that were the case, the majority warns, “such reasoning would justify an attorney’s fee award in every case.” Majority Op. at *901 897. Justice O’Connor’s concurrence seemed to implicitly accept the private attorney general theory: “The District Court speculated that the judgment, if accompanied by a large fee award, might deter future lawless conduct, but did not identify the kind of lawless conduct that might be prevented.” Id. at 122, 113 S.Ct. at 578-79 (O’Connor, J., concurring) (citation omitted). Justice O’Connor rejected that approach in Farrar, not because in-centivizing civil rights attorneys was improper, but because the district court was unclear as to “the kind of lawless conduct that might be prevented.” Id. at 122, 113 S.Ct. at 579 (O’Connor, J., concurring). Here, by contrast, the future conduct that will be prevented because of Gray’s efforts is entirely clear: grade-schoolchildren may not be handcuffed by government actors simply because they act disrespectfully towards a teacher. I would hold that the third factor favors Gray.
Twice, a district court has awarded Gray attorney’s fees. And twice, this court has struck down that award. A district court’s discretion in determining an award of attorney’s fees to a prevailing party is necessarily broad, because “the [district court judge] ‘has far better means of knowing what is just and reasonable than an appellate court can have.’ ” Copeland v. Marshall, 641 F.2d 880, 901 (D.C.Cir.1980) (en banc) (quoting Trustees v. Greenough, 105 U.S. 527, 537, 26 L.Ed. 1157 (1882)). Especially where the district court is “intimately familiar with the barrage of pleadings, memoranda, and documents filed,” it is preferable to have that decision made “by the court which has been most intimately connected with [the] case.” Id. (internal quotation marks omitted).
I would conclude that although the first Farrar factor weighs in favor of Bostic, the district court did not abuse its discretion in concluding that the second and third factors weigh in favor of Gray. I dissent.